**CASE NO:**

DYLAN EDWARDS, on behalf of himself
and all others similarly situated,

      Plaintiff(s),

      v.

EL CAMINO FORT LAUDERDALE, LLC

      Defendant.

_____/

## CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DYLAN EDWARDS ("Edwards" or "Plaintiff"), on behalf of himself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. § 448.440, and Art. X, Sec. 24 of the Florida Constitution, file this Class/Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, EL CAMINO FORT LAUDERDALE, LLC ("El Camino" or "Defendant"), for its failure to pay Front of the House employees state and federal minimum wages, as follows:

## INTRODUCTION

1.    Plaintiff brings this class and collective action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution on behalf of himself and all Front of the House employees who work or have worked at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 during the applicable statute of limitations. Defendant committed federal and state minimum wage violations because it failed to provide Front of the House employees with statutorily required tip notice and allowed Supervisors and Managers to take Front of the House employees'

tips during the previous five (5) years. As a result, Plaintiff and all similarly situated Front of the House employees have been denied federal and state minimum wages and tips during various workweeks within the relevant time period.

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      Plaintiff and the **FLSA putative collective members** are/were non-exempt, Front of the House employees who worked for Defendant within the last three (3) years at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

4.      Plaintiff and the **FMWA putative class members** are/were non-exempt, Front of the House employees who worked for Defendant within the last five (5) years at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

5.      Plaintiff worked for Defendant as a tipped, non-exempt Front of the House barback at El Camino located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 from on or about April 28, 2022 until on or about December 3, 2022.

6.      The proposed class and collective members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, tipped Front of the House employees for Defendant at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

7.      Plaintiff seeks certification of two (2) separate collectives under 29 U.S.C. § 216(b) for violations of the FLSA as follows:

> **Tip Notice Collective: All Front of the House employees who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that**

**it would be taking a tip credit toward the required federal minimum wage.**

**Unlawful Tip Share Collective: All Front of the House employees who were required to share any of their tips with Supervisors or Managers during the previous three (3) years.**

8.     Plaintiff seeks certification of two (2) separate classes under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

**Tip Notice Class: All Front of the House employees who worked for Defendant during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

**Unlawful Tip Share Class: All Front of the House employees who were required to share any of their tips with Supervisors or Managers during the previous five (5) years.**

9.     The precise size and identity of each collective and class should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of class members in each class and collective exceeds 150 Front of the House employees.

10.     During all times material hereto, Defendant was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

11.     During all times material hereto, Defendant owned, operated, and controlled the El Camino Restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301.

12.     Defendant was the "employer" of Plaintiff and all members of the putative Classes and Collectives as that term is defined by the FLSA and FMWA during all times pertinent to the allegations herein.

13.     During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, FL 33301.

14.     Defendant implements uniform pay, tip, and time-keeping practices at the El Camino restaurant that apply to all Front of the House employees.

15.     Plaintiff and putative class and collective members are/were non-exempt, hourly Front of the House employees.

16.     Plaintiff and all putative class and collective members all suffered the same or substantially similar damages as a result of Defendant's willful violations of the FLSA during the previous five (5) years.

## JURISDICTION AND VENUE

17.      This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant.

18.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

19.     The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

20.     Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper.

21.     Venue is also proper within Broward County, Florida.

22.     Plaintiff fulfilled all conditions precedent required to bring his class action claims under the FMWA.

23. More specifically, on February 28, 2023, Plaintiff, through his counsel, served Defendant with a written pre-suit demand notice regarding his FMWA claims, requesting Defendant to pay him and the putative FMWA classes the minimum wages owed to them. Defendant refused to pay Plaintiff or the FMWA classes any wages whatsoever.

## FLSA COVERAGE

24. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce or in the production of goods for commerce, or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25. During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, corona extra, corona light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, shrimp, beef, steak, potatoes, bread, hot sauce, BBQ sauce, cheese, buns, jalapenos, celery sticks, lobster broth, yellowfin tuna, plum tomatoes, cauliflower, avocados, taco shells, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously travelled through interstate commerce.

26. Defendant had annual gross revenue in excess of $500,000.00 in 2018, 2019, 2020, 2021, 2022 and is expected to gross in excess of $500,000.00 in 2023.

**DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT**

27.     When Defendant hires Front of the House employees it fails to provide sufficient notice of the tip credit under federal and Florida law.

28.     Defendant also failed to provide Front of the House employees with the requirements for a valid tip pool, as required by 29 U.S.C. § 203(m), during the previous five (5) years.

29.     Nevertheless, during all times material hereto, Defendant attempted to claim a tip credit under federal and Florida law and paid Plaintiff and all other Front of the House employees the reduced wage for tipped employees.

30.     In addition, during all times material hereto, Defendant implemented an unlawful tipping system in which it required Front of the House employees (including Plaintiff) to share tips with Supervisors and/or Managers who are not customarily and regularly tipped employees.

**CLASS ALLEGATIONS**

31.     Class members are treated equally and similarly at the El Camino restaurant owned and operated by Defendant, in that Defendant failed to provide class members with statutory tip notice under Florida law for the previous five (5) years.

32.     Class members are treated equally and similarly at the El Camino restaurant owned and operated by Defendant, in that Defendant failed to provide Front of the House employees with the requirements for a valid tip pool, as required by 29 U.S.C. § 203(m), during the previous five (5) years.

33.     Class members are treated equally and similarly at the El Camino restaurant that is owned and operated by Defendant, in that they were denied state minimum wages as a result

of Defendant allowing non-tipped employees such as Supervisors and Managers to receive portions of Front of the House employees' tips during the previous five (5) years.

34.     Defendant employed at least one hundred fifty (150) Front of the House employees at its 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 restaurant who were not provided the required tip notice under Florida law during the past five (5) years.

35.     Defendant employed at least one hundred fifty (150) Front of the House employees at its 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 restaurant who were required to share their tips with non-tipped employees such as Supervisors and Managers during the previous five (5) years.

36.     At all times material hereto, Defendant had express or constructive knowledge of the work performed by Plaintiff and all other similarly situated Front of the House employees.

37.     Moreover, at all times material hereto, Defendant had express or constructive knowledge of the time Plaintiff and other similarly situated employees worked but failed to keep and maintain accurate time records, thereby violating state and federal law.

38.     Plaintiff and the class members performed the same or substantially similar job duties for Defendant at its 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301 restaurant, as Front of the House employees, and were otherwise paid in an identical manner by Defendant.

39.     Plaintiff and the class members suffered the same or substantially similar damages by Defendant as Front of the House employees, as these employees are owed the Florida tip credit unlawfully claimed by Defendant because of Defendant's failure to provide statutory tip notice during the previous five (5) years.

40.     During their employment, Plaintiff and one or more members of the class complained about the illegal practices above; however, Defendant took no action to stop its illegal pay practices.

41.     Although Defendant was aware of the requirements of the FLSA, Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff and the class members in accordance with state and federal law.

**COUNT I – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(TIP NOTICE CLASS)**

42.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 41 as though set forth fully herein.

43.     Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by attempting to take a tip credit toward the applicable Florida minimum wage but failing to provide Plaintiff and putative class members the statutorily required tip notice during the previous five (5) years.

44.     Defendant also failed to inform Plaintiff, and all other Front of the House employees employed during the previous five (5) years, of the following: (1) Front of the House employees' cash wage was not permitted to be less than the applicable tipped hourly rate; (2) the additional amount received in tips by Front of the House employees was required to be equal to the difference between the hourly rate paid and the full minimum wage; (3) the provisions of Section 203(m) of the FLSA; or (4) all tips received by Front of the House employees must be retained by them.

45.     Defendant therefore forfeits any tip credit under Florida law and owes each Front of the House employee *at least* $3.02 for each hour of work they performed during the previous five (5) years.

46.     On February 28, 2023, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of himself and a class of all similarly situated Front of the House employees.

47.     More than 15 days have passed since Plaintiff served Defendant with written pre-suit Notice and Defendant has failed to tender full payment to Plaintiff and the class.

48.     In 2018, the Florida Minimum Wage was $8.25 per hour.

49.     In 2019, the Florida Minimum Wage was $8.46 per hour.

50.     In 2020, the Florida Minimum Wage was $8.56 per hour.

51.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

52.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

53.     From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

54.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages in accordance with the Florida Constitution:

> **All Front of the House employees who worked for Defendant during the five (5) years preceding this lawsuit, who were not provided the appropriate tip credit notice pursuant to Fla. Const. Art. X 24(c) and/or F.S. § 448.110.**

**RULE 23 CLASS ALLEGATIONS**

55.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

56.     The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to provide Plaintiff and similarly situated Front of the House employees proper tip notice under Florida law.

57.     *Numerosity:* Defendant employed in excess of one hundred fifty (150) Front of the House employees during the previous five (5) years who were not provided the required tip notice; nevertheless, Defendant attempted to claim a tip credit for all Front of the House employees. Given Defendant's considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

58.     *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff.  Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Tip Credit Class were "employees" of Defendant; (b) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (c) Whether Defendant provided Plaintiff and all other Front of the House employees with the requirements for a valid tip pool under 29 U.S.C. 203(m); (d) Whether Defendant willfully or intentionally violated the Florida Minimum Wage Act; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to

investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by Plaintiff and the Tip Notice Class based upon Defendant's conduct.

59.     *Typicality:* Plaintiff's claims are typical of the claims of the members of the Tip Notice Class.  Plaintiff's claims arise from Defendant's company-wide policy of taking a tip credit without providing the required tip notice to Front of the House employees during the previous five (5) years.

60.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class.  Plaintiff has no interest that might conflict with the interests of the Tip Notice Class.  Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

61.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

62.     Defendant has acted on grounds generally applicable to the Tip Notice Class, thereby making relief appropriate with respect to the Tip Notice Class as a whole.  Prosecution of separate actions by individual members of the Tip Notice Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Tip Notice Class that would establish incompatible standards of conduct for Defendant.

63.     Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

64.     Plaintiff and the Tip Notice Class members performed similar job duties, as Front of the House employees, and were damaged in an identical manner by Defendant based on Defendant's failure to provide Tip Notice Class members the appropriate tip credit notice.

65.     The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Tip Notice Class members exceeds one hundred and fifty (150) Front of the House employees.

66.     This action is intended to include every Front of the House employee who worked at Defendant's restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301, during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

67.     A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

68.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

69.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

70.     The relief sought is common to the entire class including, inter alia: (a) Payment by Defendant of actual damages caused by its failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110; (b) payment by Defendant of the tip credit unlawfully claimed during the previous five (5) years; (c) Payment by Defendant of liquidated damages caused by its failure to pay minimum wages pursuant to the Florida Constitution and/or F.S. § 448.110 as a result of Defendant's intentional and/or willful violations.

WHEREFORE, Plaintiff, DYLAN EDWARDS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) liquidated damages; (d) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
**(TIP NOTICE COLLECTIVE)**

71.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 41 as though set forth fully herein.

72.     Defendant attempted to claim a tip credit for Plaintiff and all other Front of the House employees during the previous three (3) years, despite failing to provide Front of the House employees with statutory tip notice.

73.     Defendant attempted to rely on the FLSA's tip credit but failed to provide Plaintiff and all other Front of the House employees with requisite notice of the tip credit required under federal law.

74.     Defendant also failed to provide Plaintiff and all other Front of the House employees with the requirements for a tip pool pursuant to 29 U.S.C. 203(m).

75.     Plaintiff and the putative collective of Front of the House employees were therefore entitled to receive full federal minimum wage of $7.25 per hour for every hour of work within the previous three (3) years.

76.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Tip Notice Collective:

>     **All Front of the House employees who worked for Defendant during the three (3) years preceding this lawsuit who did not receive proper notice from Defendant that they would be taking a tip credit toward the required federal minimum wage.**

77.     Defendant willfully failed to pay Plaintiff federal minimum wages, contrary to the FLSA.

78.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of federal minimum wages for one or more weeks of work during his employment with Defendant.

79.     Defendant's willful and/or intentional violations of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, DYLAN EDWARDS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages to be paid by Defendant; (b) the tip credit unlawfully claimed by Defendant; (c)

liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted under the FLSA to be paid by Defendant; and any and all such further relief as this Court deems just and reasonable under the circumstances.

**COUNT III – FED. R. CIV. P. 23 CLASS ACTION**
**FOR FLORIDA MINIMUM WAGE VIOLATIONS**
**(UNLAWFUL TIP SHARE CLASS)**

80. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 41 as though fully set forth herein.

81. Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by requiring Front of the House employees to share their tips with non-tipped employees (such as Supervisors and Managers).

82. Plaintiff and the putative class did not voluntarily share their tips with Supervisors and Managers.

83. Defendant therefore forfeits any tip credit under Florida law and owes each Front of the House employee *at least* $3.02 for each hour of work they performed during the previous five (5) years.

84. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a written pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

85. On February 28, 2023, Plaintiff served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110, on behalf of himself and a class of all similarly situated Front of the House employees.

86. More than 15 days have passed since Plaintiff served a written pre-suit Notice on Defendant, and Defendant has failed to tender full payment to Plaintiff and the class.

87. In 2018, the Florida Minimum Wage was $8.25 per hour.

88.     In 2019, the Florida Minimum Wage was $8.46 per hour.

89.     In 2020, the Florida Minimum Wage was $8.56 per hour.

90.     From January 1, 2021, through September 29, 2021, the Florida Minimum Wage was $8.65 per hour.

91.     From September 30, 2021, through the September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

92.     From September 30, 2022, through the present the Florida Minimum Wage is/was $11.00 per hour.

93.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following class for Defendant's failure to pay Florida minimum wages:

> **All Front of the House employees who were required to share any of their tips with Supervisors or Managers during the previous five (5) years.**

## RULE 23 CLASS ALLEGATIONS

94.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Unlawful Tip Share Class").

95.     The putative Unlawful Tip Share Class members were treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon Defendant's inclusion of employees that are not customarily tipped in Defendant's tip pool.

96.     The putative Unlawful Tip Share Class members were treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based upon Defendant's requirement that Front of the House employees surrender tips to non-tipped Supervisors and Managers.

97. *Numerosity:* Defendant employed in excess of one hundred and fifty (150) Front of the House employees in the class during the past five (5) years who were required to surrender a portion of their tips to Supervisors and Managers; nevertheless, Defendant attempted to claim a tip credit for all Front of the House employees. Given Defendant's considerable size and the systematic nature of its failure to comply with Florida law, the members of the Class are so numerous that joinder of all members is impractical.

98. *Commonality:* Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the Class include, but are not limited to the following: (a) Whether Plaintiff and the Unlawful Tip Share Class were "employees" of Defendant;; (b) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Unlawful Tip Share Class under the FMWA by permitting Supervisors and Managers to participate in the tip pool; (c) Whether Defendant violated the Florida minimum wage rights of Plaintiff and the Unlawful Tip Share Class under the FMWA by requiring Front of the House employees to surrender a portion of their tips to Supervisors and Managers during the previous five (5) years; (d) Whether Defendant willfully or intentionally refused to pay Plaintiff and the Unlawful Tip Share Class Florida minimum wages as required under Florida law; (e) Whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) The nature, extent, and measure of damages suffered by the Plaintiff and the Unlawful Tip Share Class based upon Defendant's conduct.

99. *Typicality:* Plaintiff's claims are typical of the claims of the members of the Unlawful Tip Share Class. Plaintiff's claims arise from Defendant's company-wide tip policy of

permitting Supervisors and Managers to collect tips which would otherwise be distributed to Front of the House employees.

100. *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Unlawful Tip Share Class. Plaintiff has no interest that might conflict with the interests of the Unlawful Tip Share Class. Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

101. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

102. Defendant has acted on grounds generally applicable to the Unlawful Tip Share Class, thereby making relief appropriate with respect to the Unlawful Tip Share Class as a whole. Prosecution of separate actions by individual members of the Unlawful Tip Share Class would create the risk of inconsistent or varying adjudications with respect to the individual members of the Unlawful Tip Share Class that would establish incompatible standards of conduct for Defendant.

103. Without a class action, Defendant will likely continue to retain the benefit of its wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Unlawful Tip Share Class.

104.    Plaintiff and the Unlawful Tip Share Class members performed the same job duties, as Front of the House employees, and all participated in the same unlawful tip pool.

105.    Plaintiff and the Unlawful Tip Share Class members were not paid proper Florida minimum wage during the relevant time period.

106.    The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of putative Unlawful Tip Share Class members exceeds one hundred and fifty (150) Front of the House employees.

107.    This action is intended to include each and every Front of the House employee who worked at Defendant's restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, Fl 33301, during the previous five (5) years, who participated in Defendant's unlawful tip pool which included Supervisors and Managers who are not customarily and regularly tipped employees.

108.    During all material times hereto, Plaintiff and all Unlawful Tip Share Class members were non-exempt Front of the House employees of Defendant.

109.    Plaintiff and the Unlawful Tip Share Class members performed work as Front of the House employees which was an integral part of Defendant's business.

110.    Defendant violated the FMWA and Florida Constitution's provision on minimum wages by allowing Supervisors and Managers to participate in a tip pool with Front of the House employees.

111.    A class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it

virtually impossible for members of the class to individually seek redress for the wrongs done to them.

112.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of its violations of the FMWA and Florida Constitution.

113.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.

114.     Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Unlawful Tip Share Class members in accordance with the law.

WHEREFORE, Plaintiff, DYLAN EDWARDS respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and the putative class: (a) unliquidated Florida minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by Defendant; (d) liquidated damages; (e) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (UNLAWFUL TIP SHARE COLLECTIVE)

115.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 41 as though set forth fully herein.

116.     Plaintiff was entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during his employment with Defendant.

117.     Defendant attempted to rely on the FLSA's tip credit but unlawfully permitted non-tipped employees (such as Supervisors and Managers) to participate in Defendant's tip pool along with Front of the House employees.

118.     Defendant also required Plaintiff to surrender tips to non-tipped Supervisors and Managers.

119.     Plaintiff and the putative class did not voluntarily share their tips with Supervisors and Managers.

120.     Defendant therefore must return all tips unlawfully retained by Supervisors and Managers **and** must pay Plaintiff the tip credit claimed during the previous three (3) years.

121.     Plaintiff seeks to recover these federal minimum wages and tips under 29 U.S.C. § 216(b) for himself and the following Unlawful Tip Share Collective for Defendant's failure to pay Plaintiff and the putative collective in accordance with federal law:

> **All Front of the House employees who were required to share any of their tips with Supervisors or Managers during the previous three (3) years.**

122.     Defendant knew Plaintiff was a non-exempt, tipped employee but willfully failed to pay Plaintiff in accordance with the FLSA.

123.     As a direct and proximate result of Defendant's unlawful pay practices, Plaintiff has been damaged in the loss of federal minimum wages and tips for one or more weeks of work during his employment with Defendant.

124.     Defendant's willful and/or intentional violations of law entitles Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, DYLAN EDWARDS respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, EL CAMINO FORT LAUDERDALE, LLC, and award Plaintiff, and the putative collective: (a) unliquidated federal minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by Defendant; (d) liquidated damages; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, DYLAN EDWARDS, on behalf of himself and each collective and class demands a trial by jury on all appropriate claims.

**Date: April 17, 2023**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE S. BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on April 17, 2023.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**<u>SERVICE LIST</u>**