**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.: 0:23-cv-60720-AHS**

DYLAN EDWARDS, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

EL CAMINO FORT LAUDERDALE, LLC,

    Defendant.
_____/

**DEFENDANT, EL CAMINO FORT LAUDERDALE, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED
CLASS/COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COMES NOW Defendant, El Camino Fort Lauderdale, LLC (hereinafter "Defendant"), by and through undersigned counsel, to file its Answer and Affirmative Defenses to Plaintiff's Amended Class/Collective Action Complaint for Damages, and states as follows:

**INTRODUCTION**

1. Admitted that Plaintiff purports to bring a class and collective action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA") and Art. X, Sec. 24 of the Florida Constitution on behalf of himself and all Front of the House employees who work or have worked at the El Camino restaurant located at 817 E. Las Olas Blvd., Ft. Lauderdale, FL 33301. Defendant denies Plaintiff has any such claims on behalf of himself and denies that Plaintiff has sufficient basis to bring a class or collective action under any state or federal laws or the Florida Constitution, and otherwise denies all remaining allegations contained in this paragraph of the Amended Complaint.

CASE NO.: 0:23-cv-60720-AHS

## PARTIES

2.  Defendant is without knowledge of the allegations contained in this paragraph of the Complaint and therefore denies same.

3.  Denied.

4.  Denied.

5.  Admitted that Plaintiff worked as a tipped, non-exempt Front of the House barback at El Camino located at 817 E. Las Olas Blvd., Ft. Lauderdale, FL 33301. All remaining allegations contained in this paragraph of the Complaint are denied.

6.  Denied.

7.  Admitted that Plaintiff purports to seek certification of two (2) separate collectives under 29 U.S.C. § 216(b) for alleged violations of the FLSA. Defendant denies any violation of the FLSA and denies Plaintiff has a basis for a collective. Defendant denies all remaining allegations contained in this paragraph of the Complaint.

8.  Admitted that Plaintiff purports to seek certification of two (2) separate classes under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for alleged Florida Minimum Wage violations. Defendant denies any violation of the Florida Minimum Wage Act and denies Plaintiff has a basis for a class. Defendant denies all remaining allegations contained in this paragraph of the Complaint.

9.  Denied.

10. Admitted.

11. Admitted.

12. Defendant admits that it employed Plaintiff. All remaining allegations in this paragraph of the Complaint are denied.

13. Admitted.

14. Denied.

15. Defendant admits that Plaintiff was a non-exempt hourly front of the house employee. All remaining allegations contained in this paragraph are denied.

16. Denied.

17. Denied.

## JURISDICTION AND VENUE

18. Defendant admits Plaintiff purports to bring this action under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution. Defendant denies any violation of state or federal law and denies Plaintiff has any damages. Defendant further denies any basis for a class or collection action and denies all remaining allegations contained in this paragraph of the Complaint.

19. Admitted for jurisdictional purposes only.

20. Admitted for jurisdiction purposes only.

21. Admitted for jurisdiction purposes only.

22. Admitted for venue purposes only.

23. Denied.

24. Defendant admits Plaintiff sent correspondence to Defendant dated February 28, 2023. The correspondence speaks for itself. All remaining allegations are denied.

## FLSA COVERAGE

25. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, all allegations are denied.

26. Admitted that Defendant's employees handle materials that travelled through interstate commerce.

27. Admitted.

**DEFENDANT FAILS TO PROVIDE SUFFICIENT NOTICE OF THE TIP CREDIT**

28. Denied.

29. Denied.

30. Denied.

31. Denied.

**CLASS ALLEGATIONS**

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**COUNT I – FED. R. CIV. P. 23 CLASS ACTION
FOR FLORIDA MINIMUM WAGE VIOLATIONS**

CASE NO.: 0:23-cv-60720-AHS

**(TIP NOTICE CLASS)**

43. Defendant reasserts its responses to paragraphs 1 through 41 of the Complaint as if set forth fully herein.

44. Denied.

45. Denied.

46. Denied.

47. Defendant admits Plaintiff sent correspondence to Defendant dated February 28, 2023. The correspondence speaks for itself. All remaining allegations are denied.

48. Denied.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Defendant admits that Plaintiff purports to seek class certification under Fed. R. Civ. P. 23. Defendant denies any basis for class certification of a Tip Notice Class or any other class. All remaining allegations contained in this paragraph are denied.

**RULE 23 CLASS ALLEGATIONS**

56. Defendant admits that Plaintiff purports to seek class certification under Fed. R. Civ. P. 23. Defendant denies any basis for class certification of a Tip Notice Class or any other class. All remaining allegations contained in this paragraph are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

### COUNT II – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (TIP NOTICE COLLECTIVE)

72. Defendant reasserts its responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

73. Denied.

74. Denied

75. Denied.

76. Denied.

77. Defendant admits that Plaintiff purports to seek to recover federal minimum wages for herself and a purported similarly situated Tip Notice Collective under 29 U.S.C. § 216(b). Defendant denies any violation of law, denies Plaintiff is owed any federal minimum wages and denies any similarly situated employees exist to certify a Tip Notice Collective. All remaining allegations contained in this paragraph are denied.

78. Denied.

79. Denied.

80. Denied.

### COUNT III – FED. R. CIV. P. 23 CLASS ACTION FOR FLORIDA MINIMUM WAGE VIOLATIONS (UNLAWFUL TIP SHARE CLASS)

81. Defendant reasserts its responses to paragraphs 1-41 of the Complaint as if fully set forth herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Defendant admits Plaintiff sent correspondence to Defendant dated February 28, 2023. The correspondence speaks for itself. All remaining allegations are denied.

87. Denied.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted that Plaintiff seeks class certification under Fed. R. Civ. P. 23. Defendant denies any violation of state or federal law, denies all class allegations and denies all remaining allegations contained in this paragraph of the Complaint.

## RULE 23 CLASS ALLEGATIONS

95. Admitted that Plaintiff purports to bring FMWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant denies all class allegations and denies all remaining allegations contained in this paragraph of the Complaint.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

### COUNT IV – COLLECTIVE ACTION FOR FEDERAL MINIMUM WAGE VIOLATIONS
### (UNLAWFUL TIP SHARE COLLECTIVE)

116. Defendant reasserts its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

117. Denied as phrased.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Admitted that Plaintiff purports to seek to recovery of federal minimum wages and tips under 29 U.S.C. 216 (b) for himself and an Unlawful Tip Share Collective.  Defendant denies Plaintiff is entitled to any relief and denies there is any basis for the purported Unlawful Tip Share Collective. All remaining allegations contained in this paragraph of the complaint are denied

123. Denied.

124. Denied.

125. Denied.

CASE NO.:  0:23-cv-60720-AHS

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As its first affirmative defense, Defendant denies that any violation of the FLSA or FMWA occurred, however, to the extent that the Court may determine that Defendant's acts or omissions cast it in liability under the statute, Plaintiff's claims are, nonetheless, barred to the extent that the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA or FMLA.  Accordingly, the two (2) year limitation prescribed by Section 29 U.S.C. 2255 applies rather than the three (3) year limitation, that would apply for willful violations.  With respect to the FMWA, the four (4) year limitation applies as opposed to the five (5) year limitation that would apply for a willful violation.  Similarly, Defendant states that Plaintiff is not entitled to recover liquidated damages under the FLSA because Defendant acted in good faith and did not willfully or with reckless disregard violate the FLSA or FMWA.

### Second Affirmative Defense

As its second affirmative defense, Defendant states that to the extent any of Plaintiff's claims arise outside of the statute of limitations, such claims are barred by the limitations period set forth in the FLSA and Portal-to-Portal Act, 29 U.S.C. § 255.

### Third Affirmative Defense

As its third affirmative defense, Defendant states that Plaintiff's claims are barred in whole or in part due to the unclean hands doctrine recognized under the FLSA.

### Fourth Affirmative Defense

As its fourth affirmative defense, Defendant states that Plaintiff is not entitled to recover liquidated damages under the FLSA or the FMWA because Defendant acted in good faith and did not willfully or with reckless disregard violate the FLSA.

### Fifth Affirmative Defense

As their fifth affirmative defense, Defendant states that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47 and the Portal-to-Portal Act, 29 U.S.C. § 255 and the corresponding provisions of the FMWA.

### Sixth Affirmative Defense

As its sixth affirmative defense, Defendant states that the Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release accord and satisfaction, unclean hands, and/or estoppel.

### Seventh Affirmative Defense

As its seventh affirmative defense, Plaintiff has failed to mitigate his damages and any recovery in favor of the Plaintiff should be reduced and/or barred as it relates to damages which could have been avoided through the use of reasonable care by the Plaintiff.

### Eighth Affirmative Defense

As its eighth affirmative defense, Defendant states that Plaintiff's Fair Labor Standards Act claims are barred in whole or in part by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because all actions taken in connection with Plaintiff's compensation were done in "good faith" and in conformity with and in reliance upon written administrative regulations, orders, rulings,

approvals, interpretations, administrative practices, and/or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

### Ninth Affirmative Defense

As its ninth affirmative defense, Defendant states that Plaintiff's damages claims are barred by the provisions of Section 11 of the Portal to Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing the acts or omissions were not in violation of the FLSA. At all times, Defendant's actions were lawful, justified and made in good faith.

### Tenth Affirmative Defense

As its tenth affirmative defense, Defendant states that it is entitled to a set-off of any claimed damages, for the value of any overpayments for any hours not worked.

### Eleventh Affirmative Defense

As its eleventh affirmative defense, Plaintiff has failed to mitigate his damages and any recovery in favor of the Plaintiff should be reduced and/or barred as it relates to damages which could have been avoided through the use of reasonable care by the Plaintiff.

### Twelfth Affirmative Defense

As its twelfth affirmative defense, Defendant states that to the extent Plaintiff was entitled to overtime wages or minimum wages under the FLSA or FMWA and the regulations promulgated there under, the Plaintiff's claim for overtime wages are barred in whole or in part because Defendant did not have actual or constructive knowledge that Plaintiffs were working the hours they claimed as Plaintiff intentionally worked under another employee's name in contravention of the policies of the restaurant that employed him.

### Thirteenth Affirmative Defense

CASE NO.:  0:23-cv-60720-AHS

As its thirteenth affirmative defense, Defendant states that Plaintiff has failed to set forth a proper basis or to meet the elements of numerosity, commonality, typicality, or adequacy to support certification of any class of Front of the House staff.

### **Fourteenth Affirmative Defense**

As its fourteenth affirmative defense, Defendant states that Plaintiff cannot satisfy the requirements of a collective action under the Fair Labor Standards Act ("FLSA") and some or all of the claims asserted in the Class/Collective Action Complaint are barred because Plaintiffs' are not similarly situated to the group of individuals he purports to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

### **REQUEST FOR RELIEF**

Based upon these answers and affirmative defenses, Defendant, El Camino Fort Lauderdale, LLC, respectfully requests that this Court enter a judgment as follows:

(a) Dismissing the Plaintiff's Amended Class/Collective Action Complaint in its entirety, on the merits, and with prejudice;

(b) Denying Plaintiff's request for class and collective action certification of a Tip Notice class/collective and an Unlawful Tip Share class/collective;

(c) Denying the Plaintiff's request for relief in its entirety; and

(d) Granting such other and further relief as this Court should deem appropriate under the circumstances.

Dated: October 10, 2023

Respectfully submitted,

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**

CASE NO.:  0:23-cv-60720-AHS

*Attorneys for Defendant, El Camino Fort Lauderdale, LLC*
100 Southeast 2nd Street, Suite 2600
Miami, Florida 33131
Telephone: (786) 425-1045
Facsimile: (786) 425-3905
Service Email: ServiceMIA@boydlawgroup.com

By:   /s/ Yvette R. Lavelle
     **Kyle T. Berglin, Esq.**
     Florida Bar No. 84027
     kberglin@boydlawgroup.com
     **Yvette R. Lavelle, Esq.**
     Florida Bar No. 48107
     ylavelle@boydlawgroup.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 10, 2023 , I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se identified on the attached Service List in the matter specified either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or Parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Yvette R. Lavelle
     **Yvette R. Lavelle, Esq.**

## SERVICE LIST

**Jordan Richards, Esq.**
**Michael Miller, Esq.**
USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS PLLC
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Tel: (954) 871-0050

*Counsel for Plaintiff*