UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60720-CIV-SINGHAL/VALLE

DYLAN EDWARDS, on behalf of himself and
all others similarly situated,

      Plaintiff(s),

v.

EL CAMINO FORT LAUDERDALE, LLC,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon the Joint Motion for Review and Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice ("Joint Motion") (DE [50]). The Court has reviewed the Joint Motion, the Confidential Settlement Agreement and Mutual General Release ("Settlement Agreement"), filed under seal at (DE [52]), attorney billing records submitted to parties via chambers, and is otherwise fully advised in the premises.  The Court finds that the terms of the settlement reflect a reasonable compromise of disputed issues, are fair and reasonable, and meet the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

Plaintiff, a former food runner and barback for Defendant, filed a Collective and Class Action Complaint for Damages and Demand for Jury Trial on April 17, 2023, alleging violations of the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA").  *See* (DE [1]).  Plaintiff alleges, *inter alia*, that Defendant violated the FLSA (i) by failing to notify its employees that Defendant intended to take a tip credit from their

reduced minimum wage; and (ii) that Supervisors and Managers improperly participated in the tip pool established for Front-of-the-House Employees.  On November 3, 2023, Plaintiff filed a Motion for Conditional Certification to certify a collective of Front-of-the-House Employees who worked for Defendant in Fort Lauderdale, Florida in the three years preceding the instant lawsuit.  *See* (DE [46]).  The parties reached a settlement shortly thereafter.

Based on the foregoing, there remains bona fide legal and factual disputes as to whether any liability exists.  If Plaintiffs had proceeded to trial, a jury could have determined that Plaintiffs were not entitled to any wages or liquidated damages or that Defendant violated provisions of the FLSA.  To avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties.  While this Court notes that attorneys' fees in this case exceed 40% of the total Settlement Payment, it nevertheless finds that the attorney billing records reflect consistent and reasonable efforts by counsel to develop this case through detailed discovery and motion practice.  Plaintiff's counsel also applied a 50% fee reduction, which results in hourly rates below (i) $200 for experienced attorneys; (ii) $150 for law clerks and new attorneys; and (iii) $75 for legal support staff.  On this basis, the Court finds that the attorneys fees are reasonable.  Accordingly, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1.  The Joint Motion (DE [50]) is **GRANTED**;

2.  The Parties' Settlement Agreement is hereby **APPROVED**;

3.  The Case is **DISMISSED WITH PREJUDICE**, and the Court will retain jurisdiction to enforce the terms of the settlement agreement for 60 days;

4.  The clerk is directed to **CLOSE** the case and **DENY** any pending motions as

moot; and

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of

January 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF